United States of America

District of Massachusetts                United States District Court

United States of America                 05 CR 10030-PBS
           vs.
     Mark Rolfsema                       Docket No. 04M-1128JGD

### Emergency Motion for Release from Detention

Now Comes the Defendant, Mark Rolfsema, pursuant to 18 USCS 3145, respectfully moves this Honorable Court to revoke the Order of Detention, dated December 17, 2004, of United States Magistrate Judith Gail Dein.

In support thereof, Defendant, through counsel, states as follows:

1. The Magistrate's Detention Order was predicated on a finding that based on prior information alleged, the Defendant would flee and be a danger if released, and that there were no conditions that would reasonably assure the Defendant's presence at future hearings or trial.

2. Point one was based on an allegation that the Defendant had "escaped" from jail cells, and that "two tasers" were used to "subdue" him.

3. The allegation in point two is absolutely false. On the contrary, the Defendant was tortured by guards and inmates, both physically and psychologically, including the use of seven taser gun shots, and placed in a segregated cell without clothes and heat over a 28 day period, from October 19, 2004 - November 15, 2004, solely because of false information placed on a U.S. Federal database for law enforcement personnel, which inflammed the guards and inmate helpers to do the above. Prior to the initial date, the Defendant was regarded well.

4. Despite knowledge of very large taser gun burns and other physical injuries to the Defendant, the Defendant was not treated for his injuries prior to the initial detention hearing, nor thereafter, despite repeated verbal and written requests.

5. The Defendant has since developed serious and life threatening health problems as a result, for which a diagnosis and treatment plan have been avoided and denied, including possible cancers and heart disease, **eye and ear problems, high blood pressure, and lower right back pain and lower abdominal pain.**

6. **The Defendant is 52 years old and has no previous criminal history, history of violence, or history of drug abuse.**

7. **The Defendant has a history of being an upstanding citizen, engaged in volunteer work, and helping others in need. He also has been a devoted husband and father for over 25 years.** He is fully supported by his family and would reside while free from detainment with his spouse.

8. The Defendant has already been incarcerated for more than nine (9) months, most of the time with no formal charge or any evidence produced. His health has significantly declined due to the above mentioned abuses and the ongoing lack of treatment and absense of care needed by professional specialists and his family. As a result, his life span expected has been shortened, and his life itself is at risk. Will, funeral, and burial preparations with family members need attention.

[Handwritten margin notes: "Paper Saw?", "Denied.", "9/14/05"]

DOCKET NO. 04M-1128JGD    page 2

9. The Defendant was deliberately misled on five occasions of discussion with Attorney Allison O'Neal, allegedly working on his behalf, that in exchange for a plea of guilty on one count of one charge, that he would be sentenced to "time served" and then released on the same day, said day first being May 31, 2005, and then June 6, 2005, when such a plea with his understanding of the results being his release on that day took place. The Defendant was misrepresented by this attorney and deceived into pleading under false pretenses. The Defendant believes this deceit should result in the dismissal of his case.

Wherefore, the Defendant, pro se, respectfully urges this Honorable Court to revoke the Order of Detention entered in this case against Mark Rolfsema and to allow him to be released subject to the following terms and conditions and such additional conditions as this Court deems just and appropriate.

1. The Defendant will call Pretrial Services on a daily basis, or any other time as ordered by the Court.

2. If deemed necessary by this Court, the Defendant will wear an ankle bracelet and be under house arrest.

3. The Defendant will restrict himself to his spouse's apartment at 208 Middlesex Street, #6, Lowell, MA, subject to the following exceptions:

a. Medical examinations with advance notice to Pretrial Services.

b. Other medical, or pre-death services locally with advance notice to Pretrial Services.

c. Times of any work available with advance notice to Pretrial Services, work meaning paid employment or volunteer service.

d. Church services on Sunday from 7 - 10 PM.

4. Any other Conditions set by the Court.

Sworn to an signed under the pains and penalties of perjury.

Respectfully submitted,

Dated: August 22, 2005

Mark Rolfsema