§ 2255 Rules                                          Form 1

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

FILED IN CLERK'S OFFICE

2007 AUG 30 P 12: 44

U.S. DISTRICT COURT
DISTRICT OF MASS.

| United States District Court | District MASSACHUSETTS |
|---|---|
| Name (under which you were convicted): MARK ROLFSEMA | Docket or Case No.: 05-cr-10030 |
| Place of Confinement: FMC, DEVENS | Prisoner No.: 10927-036 |
| UNITED STATES OF AMERICA   v.   MARK ROLFSEMA | Movant (include name under which you were convicted) |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging: __United States District Court, Boston__
   (b) Criminal docket or case number (if you know): __05-cr-10030__
2. (a) Date of judgment of conviction (if you know): __12-12-2005__
   (b) Date of sentencing: __12-12-2005__
3. Length of sentence: __57 months incarceration, 36 months probation__
4. Nature of crime (all counts): __1 count - possession of child pornography__

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐   (2) Guilty ☒   (3) Nolo contendere (no contest) ☐
   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)
   Jury ☐    Judge only ☐
7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
   Yes ☐   No ☒
8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐

649

Form 1 § 2255 Rules

9. If you did appeal, answer the following:
   (a) Name of court: __United States Court of Appeals - First Circuit__
   (b) Docket or case number (if you know): __05-2898__
   (c) Result: __Direct Appeal & Petition for Rehearing Denied__
   (d) Date of result (if you know): __11-17-2006 & 01-05-2007__
   (e) Citation to the case (if you know): _____
   (f) Grounds raised: __Prosecutorial Vindictiveness__
   _____
   _____
   _____
   _____

   (g) Did you file a petition for certiorari in the United States Supreme Court?
   Yes ☐ No ☒
   If yes, answer the following:
   (1) Docket or case number (if you know): _____
   (2) Result: _____
   (3) Date of result (if you know): _____
   (4) Citation to the case (if you know): _____
   (5) Grounds raised: _____
   _____
   _____
   _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☐ No ☒

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____
        (4) Nature of proceeding: _____
        (5) Grounds raised: _____
        _____
        _____
        _____
        _____
        _____

        (6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☐
        (7) Result: _____
        (8) Date of result (if you know): _____
    (b) If you filed any second motion, petition, or application, give the same information:
        (1) Name of court: _____
        (2) Docket or case number (if you know): _____
        (3) Date of filing (if you know): _____
        (4) Nature of proceeding: _____

§ 2255 Rules                                                   Form 1

(5) Grounds raised: _____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☐
(7) Result: _____
(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
  (1) First petition:    Yes ☐  No ☐
  (2) Second petition:   Yes ☐  No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** _____ See Attachment 1 _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): **See Attachment 1**
_____
_____
_____
_____

(b) **Direct Appeal of Ground One:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐  No ☒
  (2) If you did not raise this issue in your direct appeal, explain why: __
    This issue, in part, has to do with the
    attorney's ineffectiveness in the Direct Appeal

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?  Yes ☐  No ☒
  (2) If your answer to Question (c)(1) is "Yes," state:
  Type of motion or petition _____
  Name and location of the court where the motion or petition was filed:
  _____
  Docket or case number (if you know): _____
  Date of the court's decision: _____
  Result (attach a copy of the court's opinion or order, if available: _____
  _____

  (3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐  No ☐

651

Form 1 § 2255 Rules

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐  No ☐
(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
   Yes ☐  No ☐
(6) If your answer to Question (c)(4) is "Yes," state:
Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available: _____

(7) If your answer to Question (c)(4) or (c)(5) is "No," explain why you did not appeal or raise this issue: _____

**GROUND TWO:** _____See Attachment 2_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_____See Attachment 2_____

(b) **Direct Appeal of Ground Two:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐  No ☒
   (2) If you did not raise this issue in your direct appeal, explain why: __
   __The appointed attorney handling the direct appeal,__
   __Melvin Norris, did not follow defendant's instructions.__
(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?    Yes ☐  No ☒
   (2) If your answer to Question (c)(1) is "Yes," state:
Type of motion or petition _____
Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available: _____

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐  No ☐
(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐  No ☐

**652**  next page: 655

§ 2255 Rules                                          Form 1

Result (attach a copy of the court's opinion or order, if available: _____

_____

(7) If your answer to Question (c)(4) or (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?
    If so, which groung or grounds have not been presented, and state your reasons for not presenting them: _____
    <u>Yes.  Grounds One and Two, since the defendant was</u>
    <u>represented by an attorney, and the grounds relate</u>
    <s>to the attorney's ineffectiveness or non-instructiveness</s>
14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?  Yes ☐  No ☒
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____
_____
_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At preliminary hearing: **See Attachment 3 for (a) - (e)**
    (b) At arraignment and plea: _____
    (c) At trial: _____
    (d) At sentencing: _____
    (e) On appeal: _____
    (f) In any post-conviction proceeding: _____
    (g) On appeal from any ruling against you in a post-conviction proceeding: _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?  Yes ☐  No ☒
17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  Yes ☐  No ☒
    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____
    (b) Give the date the other sentence was imposed: _____
    (c) Give the length of the other sentence: _____
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?  Yes ☐  No ☐

Form 1 § 2255 Rules

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your petition.* _____

_____

Therefore, movant asks that the Court grant the following relief: _____
**To Vacate the Conviction and/or Sentence Imposed** (Also Attachment 4)
or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on *August 28, 2007* (month, date, year).
Executed (signed) on *August 28, 2007* (date).

*Mark Rilfema*
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255 provides in part that:

   A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
     (1) the date on which the judgment of conviction became final;
     (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
     (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
     (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**ATTACHMENT 1**

Ground One:  Denial of effective assistance of counsel

(a) Supporting facts:

The defendant's Sixth Amendment right to effective assistance of counsel throughout all the critical stages of the proceedings in his case was denied him by the following:

1. Failure of attorneys to file a motion for an evidentiary hearing

    Attorneys Allison O'Neil (April 26, 2005 - September 8, 2005) and Melvin Norris (September 17, 2005 - December 12, 2005) failed to require that all alleged evidence be brought into a hearing for scrutiny by the Court and the defendant, and to question the truthfulness of the sole prosecution witness.

2. Failure of attorney to file a motion to suppress evidence.

    Attorney Melvin Norris failed to offer a motion to suppress alleged evidence, when the prosecution, without advance notice on December 12, 2005, brought a "small sample" of images to a second sentencing hearing, admitting that they were not on the original media.

3. Failure of attorney to give truthful information and the withholding of pertinent information from defendant

    Attorney Allison O'Neil represented the defendant at the Rule 11 hearing of June 6, 2005. She had told the defendant how to answer the questions the judge would ask and claimed that a sentence of "time served", which the judge allegedly had agreed to, would be given with a previous written agreement for Prosecutor Dena Sacco and Attorney Richard Brederson.

    The truth was that there was no agreement made that would give the defendant "time served". In addition, there was no mention by O'Neil that other enhancements could be added AFTER a plea.

Attachment 1, Ground One, Continued:

4. Deliberate misleading of defendant into a guilty plea without consequences known and with false promises given.

   Attorney Allison O'Neil had clearly and repeatedly told both the defendant and his wife (who will testify), separately, that by pleading guilty at the Rule 11 hearing of June 6, 2005, the defendant would receive a sentence of "time served".

   O'Neil gave neither the defendant or his wife any idea that the defendant in reality would be making an open plea, and what the consequences of such would be.

5. Failure of attorney to supply the defendant with essential written information.

   Attorney Allison O'Neil did not show or discuss with the defendant, either his first Pre-Sentencing Report of August 3, 2005, or the revised one of August 31, 2005, prior to a Sentencing Hearing on September 8, 2005. The defendant, therefore, was brought into his Sentencing Hearing unaware that O'Neil had also made no objections to the Pre-Sentencing Reports. In addition, the defendant was not aware that O'Neil had not given the Court numerous letters from family and friends, some irreplaceable, that would have been favorable to his case.

6. Failure of attorneys to follow defendant's instructions in sentencing and appeal hearings.

   Attorney Allison O'Neil, at the arraignment hearing of April 26, 2005, took documents from the defendant that he wanted to read to the Court and did not return them to the defendant.

   Again, O'Neil refused to let the defendant read or give to the Court documents at the June 6, 2005 Rule 11 hearing.

   After being dismissed as the defendant's attorney following the September 8, 2005 Sentencing Hearing, O'Neil failed to give to a new attorney for the defendant all of the defendant's case materials.

Attachment 1, Ground One, Continued:

    Attorney Melvin Norris, who represented the defendant at a second sentencing hearing and at a direct appeal hearing, failed to follow-up on the above listed actions and non-actions of Attorney O'Neil which misrepresented the defendant. In addition to that, Norris then failed to follow the defendant's instruction to either go to trial or to secure in writing the "time served" plea agreement that had previously been promised by Attorney O'Neil.

    At the second Sentencing Hearing of December 12, 2005, Attorney Melvin Norris failed to:

a) Make a motion to suppress evidence

b) Argue the defendant's adamant denial of the enhancement claims

c) Challenge supervised release and its conditions, never presented in court or to the defendant, until the judge was about to end the second Sentencing Hearing on December 12, 2005.

d) Argue that the previous plea promises made to the defendant be fulfilled

e) Argue that the prosecution had failed to produce information and records relating to the defendant's case and prison conditions, that the Court had previously requested

f) Argue that violations of the defendant's Eighth and Fourteenth Constitutional Amendments had taken place

g) Challenge the truthfulness of the sole prosecution witness, who was present at both the crucial show cause/detention hearing and the second Sentencing Hearing, as well as the Assistant United States Attorneys at those hearings

    During the direct appeal process, letters from prison by the defendant to Attorney Melvin Norris requested that these same issues be raised, and yet they were not. Instead Norris focussed on an issue that the defendant had not requested, which failed.

ATTACHMENT 2

Ground Two:    Conviction obtained by plea of guilty which was
               unlawfully induced, or coerced, or not made
               voluntarily; or not made with the understanding
               of the charge and the consequences of the plea

(a) Supporting facts:

The defendant's Sixth, Eighth, and Fourteenth Amendment rights were denied him by the following:

During the period of nearly nine months that the defendant had been incarcerated prior to the Rule 11 hearing of June 6, 2005, he had been in four jails, and had been subjected to severe and cruel abuse, due to false charges and defamatory information about the defendant disseminated through United States Government databases. The defendant and his family maintain that false statements and a suppression of information were used by the prosecution to keep the defendant from being released at the crucial show cause/detention hearing of December 6, 2004, and that the rights of all continue to be violated each day the defendant remains in prison.

Furthermore, the defendant's guilty plea on June 6, 2005, was made under extreme duress, which is evident in the Rule 11 hearing transcript, where the defendant tries to tell about the cruel abuse, and is ill and very scared. His attorney, Allison O'Neil, had told him how to answer the questions that that the judge would ask, and had for five weeks, been promising both the defendant and his wife, separately, that a previous written plea agreement from March 2005, with Prosecutor Dena Sacco, would be used, with the sentence request changed to "time served", which the judge had agreed to. The defendant was told by the attorney that he first had to plead guilty and complete the colloquy, however. With a necessity to avoid more abuse, and with the understanding that he would be returned to his family and end his ordeal, he went ahead with the Rule 11 hearing, and pled guilty.

ATTACHMENT 3

15.   (a) At preliminary hearing:

      Richard Brederson
      Brederson Law Center
      950 Smith Street
      Providence, RI  02908

  (b) At arraignment and plea:

      Allison M. O'Neil
      Craig & Macauley
      600 Atlantic Avenue
      Boston, MA 02210

  (d) At sentencing:

      First hearing, 09/08/2005

      Allison M. O'Neil
      Craig & Macauley
      600 Atlantic Avenue
      Boston, MA 02210

      Second hearing, 12/12/2005

      Melvin Norris
      260 Boston Post Road
      Wayland, MA 01778

  (e) On appeal

      Melvin Norris
      260 Boston Post Road
      Wayland, MA 01778

**ATTACHMENT 4**

It is hoped that this Honorable Court will review all the information given it in this Motion, and that it will grant an evidentiary hearing in which the defendant will show the grounds contained within this Motion to be fact. The defendant maintains that his plea, conviction, and sentence were only put into effect through a violation of his rights under the Constitution of the United States, most specifically argued through this Motion, the Sixth, Eighth, and Fourteenth Amendments.