UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MARK ROLFSEMA )<br>) | Crim. No. 05-10030-PBS |

ORDER

For the reasons stated below, the DENIES the defendant's motion (#126) for compensation for personal property.

Subsequent to the government's representations that it had returned to Rolfsema all property belonging to him and to his family seized in 2004 pursuant to the execution of search warrants[1], Rolfsema filed a motion (#126) for compensation of seized property that was destroyed or otherwise not returned by the government. Because this motion was filed in a criminal case, the Court will construe the request as being made under the only rule in the Federal Rules of Criminal Procedure that is relevant to the circumstances--Fed. R. Crim. P. 41(g) ("Rule 41(g)").

Under Rule 41(g), "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may

---

[1] This representation was made by the government in open court on February 24, 2011. At the same hearing, Rolfsema asserted that the government had seized property that was not listed in the inventory documents that the government provided. An evidentiary hearing was not held. The government and Rolfsema have repeated their respective assertions in documents filed since the hearing, but neither party has submitted affidavits in support of their factual positions.

move for the property's return." Fed. R. Crim. P. 41(g). "If the court grants the motion, the court must return the property to the movant . . . ." Id.

The statute does not contain a provision for monetary compensation if the seized property was lost or destroyed, and the doctrine of sovereign immunity bars the Court from awarding such relief in a motion under Rule 41(g).

The United States (including its various branches, departments, and agencies) enjoys immunity from suit except in those instances in which it has expressly consented to be sued. See FDIC v. Meyer, 510 U.S. 471, 475 (1994). Sovereign immunity deprives a court of jurisdiction. See id. A waiver of sovereign immunity must be expressly and unequivocally found in the statutory text and cannot be implied. See Lane v. Pena, 518 U.S. 187, 192 (1996).

Rule 41(g) does not contain a waiver of sovereign immunity, and nine courts of appeals have held that the doctrine of sovereign immunity precludes the award of monetary damages in a motion under Rule 41(g) (or its predecessor, Fed. R. Crim. P. 41(e)[2]). See Diaz v. United States 517 F.3d 608, 612 (2d Cir.

---

[2]Rule 41 was reorganized on April 29, 2002 and Rule 41(e) was recodified at Rule 41(g). With one exception not relevant here, the changes to Rule 41 were merely "stylistic" and intended to make the Criminal Rules "more easily understood." Fed. R. Crim. P. 41 advisory committee's note to 2002 amendments.

2008); United States Bein, 214 F.3d 408, 413 (3d Cir. 2000); United States v. Jones, 225 F.3d 468, 470 (4th Cir. 2000); Bailey v. United States, 508 F.3d 736, 740 (5th Cir. 2007); McBean v. United States, 43 Fed. Appx. 853, 855 (6th Cir. 2002) (not selected for publication); Okoro v. Callaghan, 324 F.3d 488, 491 (7th Cir. 2003); Jackson v. United States, 526 F.3d 394, 398 (8th Cir. 2008); Clymore v. United States, 415 F.3d 113, 1120 (10th Cir. 2005); United States v. Potes Ramirez, 260 F.3d 1310, 1316 (11th Cir. 2001); cf. Perez-Colon v. Camacho, 206 Fed. Appx. 1, 4 (1st Cir. 2006) (per curiam) (sovereign immunity does not bar motion under 41(g) for return of currency because party is seeking restitution, not damages).

Therefore, this Court lacks jurisdiction to award damages under Rule 41(g) for property lost or destroyed by the government and the motion (#126) is DENIED.

Because Rolfsema brought his request for relief in his criminal proceeding and the Court must construe it as a motion under Rule 41(g), the Court expresses no view as to whether alternative legal avenues may afford Rolfsema some relief.

SO ORDERED.

```
 8/1/11                        /s/ Patti B. Saris
DATE                           PATTI B. SARIS
                               UNITED STATES DISTRICT JUDGE
```